Cook, J.,
delivered the opinion of the Court.
The plaintiff in error brought his action of trover in the Circuit Court for one hundred dollars in money, it being the amount of a prize drawn by him in a lottery, of which the defendant was proprietor; and on the trial proved, and gave in evidence the scheme of a lottery proposed by the defendant, and that said lottery was drawn under the superintendence of managers, appointed by the defendant, pursuant to notice given by him, and that the plaintiff was the owner and holder of a ticket, which, at the drawing, agreeably to the scheme and the terms of the lottery, entitled him to a prize of one hundred dollars; that, for a supposed irregularity, mentioned in the bill of exceptions, the managers directed a second drawing of said lottery, to which the plaintiff) and others, objected; and the plaintiff demanded the said prize of one hundred dollars of the defendant, who refused to pay it to him, alledging he had paid it to the person entitled to it on the second drawing. On this evidence, and on motion of the defendant’s counsel, the Court instructed the jury that the plaintiff had misconceived his action, to which the plaintiff’s counsel excepted, and the question now to be decided is, did the Court err in giving such instruction ? The question is not whether, on the merits, the plaintiff is not entitled to have of the defendant the amount of the prize drawn by him, but whether his right so attached to the specific property, as to maintain this action? On the part of the plaintiff, authorities were cited to prove that trover will lie for money, although not in a bag, and against a stakeholder, for a wager deposited with him. None of these authorities go farther than to show, that wherever the right of the plaintiff has attached to any specific personal thing, whether it be money or property, the action of trover may lie. In this case, it does not appear that one hundred dollars were set apart as a specific prize, to which the right of the plaintiff could attach, nor that the plaintiff derived any other right from the drawing, than the undertaking of the defendant to pay the •sum of one hundred dollars to the person who might draw such prize, agreeably to the scheme and terms of the lottery. If the prize, whether of money or property, had been set apart, in kind, so that the right of the owner of the ticket could have attached specifically to it when drawn, the case would fajl within the authorities cited, but as this does not appear in the bill of exceptions, the Circuit Court instructed the jury.correctly — that the plaintiff had misconceived his action.
The judgment must therefore be affirmed with costs.