# THE COLORADO LAW REPORTER.

Vol. II.]          Denver, December, 1881.          [No. 4

## SIMMONS *v.* SPENCER AND OTHERS.

### (*United States Circuit Court, District of Colorado.*)

ACTION FOR MONEY HAD AND RECEIVED—WHEN IT MAY BE JOINT. In order to maintain an action for money had and received, it must appear that the money was jointly received by all the defendants; upon this the law may imply a promise on the part of all to pay to the rightful owner. If A receive money to the use of B, and turn it over to C, B cannot maintain a joint action against A and C for money had and received to the use of himself, for the reason, that they did not jointly receive the money—although this form of action might be maintained against either A or C separately.

2. TROVER—JOINT ACTION IN. To maintain a joint action in trover, it must appear that the specific money, or thing sued for, came into the hands of the defendants, successively.

Ruling on demurrer.

HALLETT, J., orally:

The first and second counts of the complaint set forth, in substance, a sale of certain property, which, the plaintiff alleges, belonged to him, and conveyances from the plaintiff to McCartney, and from McCartney to the defendant Spencer, which conveyances were deposited with the Merchants' and Mechanics' Bank of Leadville, to be delivered upon payment of a sum of money amounting to $20,000, for the use of the plaintiff. By instructions given upon the leaving of the deeds with the bank, the money was to be deposited to the credit of the plaintiff in this suit; plaintiff received $7,000 of this sum, and $13,000 which was afterwards paid by the purchaser, whoever he may be, was not by the bank placed to the credit of the plaintiff, but was, in fact, turned over to the defendant Spencer. And upon this state of

19

facts it is claimed that a liability has arisen upon the part of all the defendants to pay the plaintiff this sum of $13,000.

The structure of these two counts is, for money due upon a contract; for money had and received by the defendants to the plaintiff's use. Nothing is said about any conversion of the money by the defendants to their own use, and there is nothing in the counts to indicate that they are based upon the theory that a tort was committed by the defendants in receiving this money and appropriating it in the way in which, it is alleged, they disposed of it.

In order to maintain an action as for money had and received, it must appear that the money was *jointly* received by all the defendants, and upon that the law may imply a promise on the part of all to pay it to the rightful owner; and although, upon the facts stated here, there may be a liability in that form of action against Spencer alone, or against the parties constituting the Merchants' and Mechanics' Bank of Leadville alone, there cannot be a joint liability on the part of all these persons in that form of action, because they did not jointly receive this sum of money. The allegation is, in these counts, that the money was received by the Merchants' and Mechanics' Bank of Leadville, and by it wrongfully and fraudulently turned over to the defendant Spencer. That may make a liability as for money had and received on the part of these parties severally—that is, upon the part of the persons constituting the bank, and upon the part of Spencer, severally; but it cannot be a liability, arising by contract on the part of all of them, because they did not jointly and collectively receive this money.

As to whether the action may be maintained against them jointly as for a tort, in substance, as an action of trover, there is some doubt. It is laid down in the case of *Orton* v. *Butler*, 5 B. & A., 652, that on a money demand, merely to allege that the defendant received money and afterwards converted it to his own use, which is the form of declaration in an action of trover, the action cannot be maintained, because, they say, to allow that, would be to defeat the defendant's right to set off; and that the action of trover can only be maintained where the specific thing for which suit is brought can be identified, and that it must be possible in such case, where an action of trover is brought, for the defendant to relieve himself from all liability by tendering

the property for which the action is brought to the plaintiff, as, for instance, when it is brought for a horse, he may surrender the horse, and relieve himself from liability.

The same view is taken in several cases in Croke's Elizabeth; and there are cases—one in 4th E. D. Smith, N. Y. (*Donahue* v. *Henry*, 162)—which declare, that when a sum of money has been received which belongs to the plaintiff in the suit, and concerning which it is the duty of the defendant to turn over the very sum which he received to the plaintiff, *the very money, the same dollars and the same bills*, if he received it in that form, that then, if he makes any other disposition of it, the action of trover may be maintained. In 1 Missouri Reports there is a case in which the plaintiff brought an action in that form against parties who were conducting a lottery, claiming that he had become entitled to a sum of money as the holder of a ticket in the lottery, and that they had wrongfully refused to pay it over to him, and seeking in trover to recover the amount. The Court say, in that instance, that if, in fact, any sum of money had been set apart to the plaintiff—$100, I think, was the amount—if it had been parcelled off by itself by the defendants as his money, and afterwards they had taken those dollars and converted them to their own use, he might bring an action of trover for the dollars so parcelled off, but that he could not, upon the general charge that so much money was due to him, and wrongfully detained by the defendants, maintain that action. His action must, in that case, be in the form of an action on contract, if he would recover at all.

That is the distinction that, I think, is recognized in all of the cases, and, applying it to the present case, it may be true that the defendants, the Bank of Leadville, as to the very bills, notes or coin, if it was such, which they received for this property, may be liable in an action of trover or an action founded in tort for the conversion of that money, if it be so alleged in the complaint. And if that money, the very same money, was paid over to Spencer, he also would be liable, and then, and in that case, they both might be joined in one action as tort feasors. To illustrate, I will read a paragraph from Bliss on Code Pleadings: "Under the Code, an action for the recovery of personal property will lie against one who has wrongfully parted with the possession of property, jointly with one in actual possession." And the same principle applies to trover: "Thus one who has wrongfully pledged

plate belonging to the plaintiff is liable to an action of detinue, jointly with the person with-whom it had been pledged. So, where one has fraudulently obtained a credit upon a bill of goods, and assigned them over for the benefit of his creditors, the vendor, having the right to repudiate the sale and pursue the goods, may make both the purchaser and his assignee parties to an action for their possession." For this a case in New York is cited.

The principle declared is; that where a party has the right to a specific thing, and he can pursue that particular thing through several hands, he may charge all of these parties consecutively, or who held the property consecutively, in one action, for its value. So that here, if it be true that the Smiths, or the persons who constitute the Merchants' and Mechanics' Bank, received this money, and turned over the same money to Spencer, they may be jointly charged, in proper phraseology, as for converting that money, but not otherwise. And it must be the identical money.

These cases, and all the authorities that I have been able to find, go to the point, that where an action is founded in tort, and maintained upon that principle, it must be for the conversion of the specific thing, and it can only be maintained where the property itself can be traced to the hands of the party to be charged.

In that aspect, if the facts are truly stated in the first and second of these counts, no joint action can be maintained against these parties, unless the pleader may be able to allege that the same money came to the defendants—the Merchants' and Mechanics' Bank of Leadville, and the defendant Spencer, successively. The plaintiff must allege that it was the same money, and that the defendants converted it to their own use, in order to make it an action for tort.

Upon the other theory, there is no difficulty in maintaining an action against either of the defendants separately as for money had and received, and, upon that principle, the third count, which states nothing as to the way in which the money came to the hands of the parties, but merely charges that the defendants are liable to the plaintiff for $13,000, received by them for the use of the plaintiff, is not open to any objection.

The ruling upon the demurrer, therefore, must be, that it is sustained as to the first and second counts, because there the

facts are stated, which show that the defendants cannot be jointly liable, and overruled as to the third count, because nothing appears in that count to indicate that they may not be jointly liable.

If I have made myself understood, it will be apparent that the plaintiff must amend so as to make this substantially an action of trover for this sum of money against all these parties, or by dismissing his action against one or the other of the defendants. If the action were dismissed as to Spencer, or as to the defendants who constitute the Merchants' and Mechanics' Bank of Leadville, I would see no difficulty in maintaining it against the other.

*S. P. Rose*, attorney for plaintiff.

*H. B. Johnson*, attorney for defendants.