R. H. KOBUSCH FURNITURE AND CARPET COMPANY, Respondent, v. JULIUS LOWENBERG, Appellant.

St. Louis Court of Appeals, May 2, 1916.

1. CONVERSION: When Trover Lies: Right of Action for Conversion of Money. Trover lies only for specific chattels wrongfully converted, and not for money had and received for payment of debts; money being the subject of conversion only when it can be described or identified as a specific chattel.

2. ———: ———: ———. A corporation whose vice-president was authorized to draw checks for the prosecution of its business and for the payment of his own salary could not maintain an action for the conversion of a certain sum of money which the officer obtained by means of a check drawn on the company's funds by him and applied to the payment of salary he claimed was due him, since the money lost its identity when the check was cashed and no part of it was set apart or otherwise marked to identify it from other money.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED.

*Sale & Frey* for appellant.

An action of trover will not lie for money on deposit in bank. A depositor is not the owner of any specific money in the bank; he is simply a creditor of the bank. Money cannot be converted unless it is set apart *in kind,* such as money in boxes, etc., so that the rights of the owner can attach specifically to the article. Petit v. Bouju, 1 Mo. 64; Summers v. Spencer, 9 Fed. Rep. 581; Kerwin v. Balhatchett, 147 Ill. App. 561, l. c. 565; Orton v. Butler, 5 Barnewall & Alderson, 652; Hazelton v. Locke, 104 Mo. 164, 71 Atl. 661; Wright v. Holmes, 3 L. R. A. (N. S.) 769; Tinkham v. Heyworth, 31 Ill. 519; Royce v. Oakes, 20 R. I. 418; Schrimpton v. Culver, 109 Mich. 577, l. c. 580; Aurentz v. Porter, 56 Pa. St. 115; Coffin v. Anderson, 4 Blackford's Rep. (Ind.) 395.

*Wm. A. Kinnerk* for respondent.

NORTONI, J.—This is a suit in trover as for conversion. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff charges defendant with having converted $765 in money, the property of plaintiff, and the jury so found the fact to be. Plaintiff is an incorporated company and it appears defendant was one of its directors and its vice-president. As such vice-president defendant was both authorized and accustomed to handle plaintiff's funds, deposit its money in the bank, and draw checks thereon, etc.

The evidence tends to prove that defendant drew a check in the amount of $765 on plaintiff's bank account with the National Bank of Commerce in St. Louis in favor of himself, cashed the check, and appropriated the money to his own use. The evidence on the part of plain-

tiff is to the effect that, although defendant was authorized to draw checks on the bank and to cash them, receiving the money therefor to pay his own salary and other business expenses, he was not authorized to retain the amount involved here.  However, it is conceded that plaintiff owed defendant at the time on salary account $122.19.  On the part of defendant, the evidence tends to prove that plaintiff owed him on account of back salary something more than $1200 at the time and he drew the check and applied the money on this account.

Throughout, defendant urged and continues to urge here that a suit in conversion will not lie in the circumstances stated, for that mere money not otherwise identified or set apart is not a proper subject-matter for it to operate upon, and the important question in the case relates to this.  There can be no doubt that defendant was authorized to draw the check on plaintiff's bank account and collect the money thereon.  There can be no doubt that he was authorized to appropriate as much as $122.19 of the money to the payment of his salary which plaintiff concedes was then due him.  There is nothing in the case to suggest that any portion of the money was set apart or otherwise marked so as to identify it from other money.  Neither is it suggested that the money was entrusted to defendant for any particular purpose. On the contrary, it appears that, in the course of business, he drew from the bank the $765 in question and retained the whole of it, as if in part payment of the amount he claimed plaintiff owed him on back salary. It is conceded, as before said, plaintiff owed him $122.19 and in such circumstances it would seem that the appropriate remedy for a recovery of the residue, if any, is a suit for money had and received.

It is said that trover lies only for specific chattels wrongfully converted, and not for money had and received for payment of debts.  [See 38 Cyc. 2012.]  In other words, "Money is a subject of conversion only when it can be described or identified as a specific chattel."  [See 38 Cyc. 2014, 2015.]  Such seems to be the · rule declared at an early day in this State, for it is

there said that, unless the money is set apart so as to be identified, it is not the subject of suit as for conversion, as will appear by reference to Petit v. Bouju, 1 Mo. 64.

On this question it is said by the Supreme Court of Maine:

"From its nature the title to money passes by delivery and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe keeping and transmission. An agent, unless restricted by the terms of his contract, would violate no duty assumed by him by adopting these methods in dealing with the money of his principal. Mere failure to deliver such property in specie on demand would not be technical conversion nor would the refusal to pay over its equivalent be conclusive evidence of conversion in the sense of the law of trover but might be the ground for an action of assumpsit." [See Hazelton v. Locke, 104 Me. 164, 168.] For other authorities of similar import, see, also, Simmons v. Spencer, 9 Fed. 581; Kerwin v. Balhatchett, 147 Ill. App. 561.

It is obvious defendant, who, as vice-president of plaintiff. company, was authorized to take the money from the bank and use it in connection with the business, is under no obligation to deliver the specified bills or coins to plaintiff. On the contrary, he might discharge his entire obligation in respect of this matter by paying over the residue in other money or coin of the realm. Therefore, as conversion lies only as for the recovery of the value of specific chattels, this suit may not be sustained.

The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.