ANDERSON ELECTRIC CAR COMPANY, a Corporation, Respondent, v. SAVINGS TRUST COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 9, 1919.
Opinion Filed May 6, 1919.

1. **TROVER AND CONVERSION:** Conversion: Money Collected on Checks or Drafts: Conversion Does Not Lie. The action for conversion for the conversion of the money charged to have been collected on checks or drafts does not lie.

2. ———: ———: ———: ———. Trover lies only for specific chattels wrongfully converted, and not for money had and received for payment of debts,. money being the subject of conversion only when it can be described or identified as a specific chattel.

3. **APPELLATE PRACTICE:** Petition Failing to State a Cause of Action: Review. The point that the petition fails to state a cause of action can be raised for the first time on appeal.

4. **TROVER AND CONVERSION:** Conversion of Money Collected on Checks or Drafts: Petition States no Cause of Action. Where the cause of action attempted to be set up in the petition is tort for conversion, and it does not set up facts necessary to show conversion, nor does it pretend to be for money had and received, the petition states no cause of action.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. James E. Withrow,* Judge.

REVERSED.

## MARCH TERM, 1919. 401

Anderson Elec. Car Co. v. Savings Trust Co.

*John H. Boogher* and *Brownrigg, Mason & Altman* for appellant.

(1) Where an officer or agent of a corporation makes an unauthorized use of a check or other negotiable instrument belonging to the corporation, that fact alone does not warrant a recovery from the person delivering the proceeds of the paper to the agent, even though such persons had actual or constructive notice of the agent's want of authority. It is an essential part of the corporation's case to show that it suffered ultimate loss as a result of the transaction. No such showing was made in the plaintiff's behalf, and the case should, therefore, be reversed. St. Louis Charcoal Co. v. Moore, 178 Mo. App. 692, 697; New York, etc., Co. v. Bronx Borough Bank, 186 N. Y. 559, 697; Thompson v. Newell, 118 Mo. 405, 415-416; Pickett v. Wren, 187 Mo. App. 83, 89-90; Fisher v. Seitz, 172 Mo. App. 162; Stacey v. Robinson, 184 Mo. App. 64; McLennon v. Exchange Co., 170 Mo. App. 389; Birch Tree, etc., Bank v. Dowler, 167 Mo. App. 373. (2) Even though Turner, plaintiff's manager, was not authorized to endorse and cash the checks in question and even though the plaintiff suffered ultimate loss by the transaction, the plaintiff cannot recover of the defendant in this suit in trover for the conversion of money, because, if it be true, as alleged in the plaintiff's petition, that it owned the checks at the time they were presented to and cashed by the defendant and that it still owns the checks and that the endorsement was unauthorized, then, when the defendant paid to Turner the amount of the checks, it paid its own money, not the plaintiff's money, and when the drawee banks thereafter paid upon the unauthorized endorsement the amount of the checks to the defendant, said money, so paid by the drawee banks and received by the defendant, was the money of the drawee banks and never became the money of the plaintiff. Houston Gro. Co. v. Farmer's Bank of

Mount Vernon, 71 Mo. App. 132; First National Bank v. Whitman, 94 U. S. 347; Union Biscuit Co. v. Springfield Gro. Co., 143 Mo. App. 300, 307. (3) The plaintiff was in possession of the checks in question at the time it instituted this suit against the defendant and files them as exhibits to its petition. If it still owns these checks, as alleged in its petition, if the endorsement of its name thereon was unauthorized, then the checks have never been paid, the money of the respective drawers is still in the drawee banks, the plaintiff has not been damaged by the fact that moneys were paid Turner by the defendant bank upon these checks, because it was not the plaintiff's money that was so paid nor was it the money of the drawers of the respective checks that was so paid; the checks have not been paid at all and no reason appears why they should not at the time the suit was filed have been presented by the plaintiff as owner and holder to the respective drawee banks and paid, or, if payment was refused, there is no reason why plaintiff should not have demanded and received of its original debtors who drew the checks the amount due the plaintiff on the original indebtedness. See cases cited, supra. (4) It must be observed that this is not a suit for the conversion of checks, but a suit for the conversion of money which the plaintiff alleges to be the proceeds of the checks. It is clear from the foregoing authorities that the checks have never been converted into money, that there is no such thing as the proceeds of the checks, because they have never been paid, and that the plaintiff never had any title to or right to the possession of moneys which were at any time held or received by the defendant. See authorities cited, supra. (5) Money is a subject-matter of conversion only when it can be described and identified as a specific chattel. Therefore, even if it were true that whatever was done by the defendant with reference to the checks in question amounted to a conversion of the checks so as to entitle the plaintiff to recover damages for the conversion of the checks, nevertheless

the plaintiff cannot recover in this suit against the defendant as for the conversion of money, because there was never any money of the plaintiff in the defendant's possession which has been or can be described or indentified as a specific chattel. R. H. Kobusch Furniture & Carpet Co. v. Loewenberg (St. Louis Ct. of Appeals), 185 S. W. 747. (6) Plaintiff alleges in each count of its petition that the endorsement of its name on the checks in question by Turner, its manager, was without its authority, and that the said endorsements were not its endorsements. There was no proof to support this allegation, which was an essential. part of the plaintiff's case. The judgment should, therefore, be reversed. (7) Inasmuch as Turner was the manager placed by the plaintiff in charge of its business in St. Louis and East St. Louis, and was, by his contract (Abs., pp. 8 to 11), given "general direction and supervision" of the business of the company in those cities, and inasmuch as there was no other officer or official or even stockholder of the plaintiff company in the city of St. Louis, it was within the apparent scope of his authority to endorse the company's name upon these checks and receive the money thereon, and such endorsement and cashing of checks are reasonably incident to the business of which he was given general supervision by the plaintiff. Building & Loan Assn. v. National Bank of Commerce, 126 Mo. 82; Craig Medicine Co. v. Merchants Bank, 59 Hun. 561; Perry v. Lumber Co., 95 Miss. 691; Stevens v. Selma Fruit Co., 18 Cal. App. 242; Cook on Corporations (7th Ed.), sec. 719; Brown v. Donnell, 49 Me. 425; Glidden & Joy Varnish Co. v. Interstate Bank, 69 Fed. 912; Graton, etc., Co. v. Redelscheimer, 68 Pac. 879. (8) The court committed prejudicial error against the defendant in giving plaintiff's instructions A and B, which directed a verdict for plaintiff without any requirement that the jury should find that plaintiff suffered loss by the alleged unauthorized endorsements. (9) The court committed prejudicial error against the

defendant by excluding evidence offered by defendant tending to show that the plaintiff had suffered no ultimate loss as a result of the alleged unauthorized endorsements.

*Sears Lehmann* and *Lehmann & Lehmann* for respondent.

(1) The evidence is that the checks involved in this suit went to Harry Turner and not plaintiff and that the checks belonged to plaintiff. Evidence that Turner paid plaintiff their amount or that he had a set-off against plaintiff for money expended in its behalf is not admissible under a general denial. Hellmuth v. Benoist, 144 Mo. App. 695; Flint Mfg. Co. v. Ball, 43 Mo. App. 504; England v. Denham, 93 Mo. App. 13; Wilkerson v. Farnham, 82 Mo. 672; Henderson v. Davis, 74 Mo. App. 1. (2) The payee of a check can maintain an action against a bank which collects that check from the drawee on an unauthorized indorsement of the check. Casualty Co. v. Bank, 191 Mo. App. 287; (Exact case at bar.); 1 Morse on Banks and Banking, (5 Ed.), par. 248; Farmer v. Peoples Bank, 100 Tenn. 187, 47 S. W. 234; Meyer v. Rosenheim, 115 Ky. 409, 73 S. W. 1129; L. R. A. 1917A; Note page 148; United States Cement Co. v. Bank, L. R. A. 1917A, p. 145. (3) In the case stated above an action for conversion is the proper remedy. Casualty Co. v. Bank, 191 Mo. App. 287; (Exact case at bar.); Farmer v. Peoples Bank, 100 Tenn. 187, 47 S. W. 234; Meyer v. Rosemheim, 115 Ky. 409, 73 S. W. 1129. (4) (a) Under the evidence H. S. Turner had no authority to indorse plaintiff's name to checks. Casualty Co. v. Bank, 191 Mo. App. 287; Graham v. Bank, 46 Mo. 186; 1 Daniels on Negotiable Instruments (6 Ed.), par. 292; Jackson v. Bank, 92 Tenn. 154, 20 S. W. 802; Jackson Paper Co. v. Bank, 59 L. R. A. 657, 31 Cyc., pp, 1381-6 and cases cited. (b) Much less deposit them to his personal account. McCullam v. Buckingham Hotel, 199 S. W. 417; Coleman v. Stocke, 159 Mo. App. 43; Bank

v. Inv. Co., 160 Mo. App. 369; St. Louis Charcoal Co. v. Lewis, 154 Mo. App. 548.

REYNOLDS, P. J.—The petition in this case is in three counts. The first, in substance, averred that on a day named plaintiff was the owner of a certain check, drawn on the German Savings Institution, payable to the order of plaintiff, for the sum of $500, signed by one Siegmund. It is further averred that the defendant came into possession of the check "as a trust company" on a day named and although it appeared on the face of the check that it belonged to the plaintiff, defendant, "without any authority or direction from plaintiff, and without the knowledge of plaintiff, proceeded to collect said check and received the $500 called for therein on or about the 24th day of November, 1911. That said check is indorsed upon the back thereof 'Anderson Electric Co., by H. S. Turner, Jr., Manager,' and also by 'H. S. Turner, Jr.' That said endorsement on the back thereof was not placed there by plaintiff, nor with its authority, knowledge or consent, and the same is not the indorsement of the plaintiff." Plaintiff then states "that the money collected by defendant on its check as aforesaid belonged to the plaintiff. Plaintiff states that it has demanded of defendant that it pay to it the $500 collected by defendant upon plaintiff's check as aforesaid and that defendant has refused to pay to plaintiff the said sum or any part thereof, but has converted the same to its own use by crediting it to and paying it to one H. S. Turner, Jr. That defendant converted the said $500 to its own use as aforesaid on or about the 24th day of November, 1911, wherefore, plaintiff prays judgment against the defendant on this count for $500 and interest from November 24, 1911."

The second count is for money collected on a check for $200, drawn on the National Bank of Commerce in St. Louis, by one Reymershoffer. The remaining allegations in this second count are identical, except as to the amount and date, with those of the first.

The third count is identical in its allegations with the first, except that the instrument there described and on which the money is charged to have been collected is described as a draft drawn by the. Lafayette Bank on the Citizens Central National Bank of New York, payable to the order of one Pauly for $100. The remaining allegations, except as to date and amount, are as in the first. It is alleged that these checks and the draft are filed with the petition.

The answer was a general denial.

There was a verdict and judgment for the plaintiff for the full amount claimed. From this defendant has duly appealed.

Very clearly this is an action for conversion. It is not for conversion of the checks and draft, but for the money charged to have been collected on them.

On the authority of the decision of our court in Kobusch Furniture & Carpet Co. v. Lowenberg, 194 Mo. App. 551, 185 S. W. 747, this petition states no cause of action. We held in the Kobusch Case, supra, that trover lies only for specific chattels wrongfully converted, and not for money had and received for payment of debts, money being the subject of conversion only when it can be described or identified as a specific chattel.

After making the announcement of the law as above stated, our court held in the Kobusch Case, supra, that this seems to be the rule early declared in this State, citing Petit v. Bouja, 1 Mo. 64. Judge NORTONI, speaking for our court in the Kobusch case, quoted from Hazelton v. Locke, 104 Me. 164, l. c. 168, to the effect that from its nature the title to money passes by delivery "and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe keeping and transmission; that mere failure to deliver money collected on checks on demand would not be technical conversion, nor would the refusal to pay over its equivalent be conclusive evidence of conversion in the sense of the law of

trover but might be the ground for an action of assumpsit." [Simmons .v. Spencer, 9 Fed. 581; Kerwin v. Balhatchett, 147 Ill. App. 561, are cited in support of the above.]

There is no attempt to do that here; consequently we hold that the petition states no cause of action.

Learned counsel for respondent argues that as this point was not made in the court below by demurrer or motion in arrest, it cannot be raised in this court, citing in support of this, Twentieth Century Machinery Co. v. Excelsior Springs Mineral Water & Bottling Co., 273 Mo. 142, 200 S. W. 1079. We do not think that the opinion and point in decision there sustains this contention. It has been decided in many cases by our appellate courts that the point that the petition fails to state a cause of action can be raised for the first time on appeal. The authorities in support of this are so numerous that it is unnecessary to cite them.

We are also referred by those same counsel to the case of Kansas City Casualty Co. v. Westport Avenue Bank, 191 Mo. App. 287, 177 S. W. 1092, in support of the petition and judgment. The facts for determination in that case and so much of the decision in it as covers the precise point then before that court are not as here. That was an action for the conversion of the specific checks. This is an action, not for conversion of the checks but for the conversion of money collected on them, which is not in any manner described as to be identified.

Moreover, the evidence wholly fails to show any conversion of any specific money by the defendant.

Counsel argue that the label of the action is immaterial. That may be, but the cause of action attempted to be set up is tort, for conversion. As we hold, it does not set up facts necessary to show conversion, nor does it pretend to be for money had and received.

The judgment of the circuit court is reversed. *Allen* and *Becker, JJ.*, concur.