Florence S. YOUNG,
Plaintiff-Respondent,

v.

MERCANTILE TRUST COMPANY
NATIONAL ASSOCIATION,
Defendant-Appellant.

Nos. 40895, 40896.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied
June 10, 1980.

Edward P. Burke, Clayton, for defendant-appellant.

David Wells, James W. Erwin, St. Louis, for plaintiff-respondent.

DOWD, Judge.

This appeal arises from a dispute concerning the propriety of appellant's exercise of its claimed right of bank set-off and is before us following a retrial mandated by our earlier opinion. *Young v. Mercantile Trust Co. Nat'l Ass'n,* 552 S.W.2d 247 (Mo. App.1977).

Our prior decision limited respondent's recovery of actual damages to compensatory damages actually proven but affirmed the jury verdict, as limited, finding appellant liable to respondent in tort. *Young v. Mercantile Trust Co. Nat'l Ass'n, supra.* Our earlier decision also reversed, based upon the evidence at the original trial, the trial court's direction of a verdict for appellant upon the issue of punitive damages and remanded the issue of punitive damages for retrial. *Young v. Mercantile Trust Co. Nat'l Ass'n, supra.*

Our earlier determination that respondent proved a submissible case in tort against appellant becomes the law of the case in this subsequent appeal. *Huter v. Birk,* 510 S.W.2d 177, 181[3] (Mo.1974); *Stewart v. Board of Ed. of Ritenour Consol. School Dist. R–3,* 574 S.W.2d 471, 474[7] (Mo.App.1978). The only issue left undetermined by our prior decision, and the only issue upon which evidence was adduced at the retrial, was the issue whether appellant's tortious conduct was motivated by malice so as to justify the award of punitive damages.

To prove its actions were not willful, wanton, or malicious, appellant introduced evidence by its employees, including its legal counsel. These employees testified as to the facts supporting their conclusions that respondent had been overpaid upon cashing a savings bond and that, at the time appellant exercised its right of set-off, the employees believed the bank was legally entitled to set-off the amount allegedly overpaid by appropriating that amount from respondent's savings account.

Before us, appellant has argued it was entitled to a directed verdict upon retrial and urges us to reconsider the holding in *Young v. Mercantile Trust Co. Nat'l Ass'n, supra,* that respondent's cause of action sounds in tort. This we decline to do.

Appellant also argues it was entitled to a directed verdict because, at the second trial, respondent did not sustain her burden of proving appellant did not act under a mistake of fact or law which would negate the malice necessary to the recovery of punitive damages.

Appellant is correct in its contention it introduced evidence supportive of its claims that its actions were not motivated by malice. The jury was free, however, to believe or not believe appellant's evidence. It is not our place to reweigh the evidence merely because the jury could have drawn different inferences or because other results are also reasonable. *White v. St. L.–S.F. Ry.,* 539 S.W.2d 565, 569[3] (Mo.App.1976).

As we held in *Young v. Mercantile Trust Co. Nat'l Ass'n, supra,* respondents made a submissible case upon the issue of punitive damages. The appellant was not entitled to a directed verdict. *Beck v. Modern Am. Life Ins. Co.,* 589 S.W.2d 98, 101[1, 2] (Mo. App.1979). In reviewing a charge that the trial court erred in failing to direct a defendant's verdict, the appellate court will determine whether the evidence, viewed in a light most favorable to plaintiff, constitutes substantial evidence supportive of plaintiff's recovery. If plaintiff has introduced such substantial evidence, the trial court will not be found to have committed reversible error. *Beck v. Modern Am. Life*

*Ins. Co., supra.* We find that to be the case here.

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.