**Chester DILLARD, Plaintiff-Appellant,**

v.

**Robert L. PAYNE and Loretta Cooper, Defendants-Respondents.**

No. 62498.

Supreme Court of Missouri, Division No. 1.

May 11, 1981.

John A. Watkins, Greenfield, for plaintiff-appellant.

Dee Wampler, Springfield, for defendants-respondents.

WELBORN, Commissioner.

Action by former client against attorney and his assistant for return of money deposited by client with attorney for expenses in connection with contemplated lawsuit to be brought on a contingent fee basis. Attorney withdrew from employment and claimed balance in account for services. Client sued in conversion for its return and punitive damages. Defendants paid sum demanded into court and judgment was given plaintiff for that amount. Claim for punitive damages was stricken on defendants' motion. Plaintiff appealed from denial of claim for punitive damages. Missouri Court of Appeals, Southern District, affirmed judgment of trial court. Case transferred by Missouri Supreme Court on motion of plaintiff.

Chester Dillard, by his petition, alleged that he employed Robert L. Payne and Loretta Cooper, doing business as the "Law Office of Attorney Robert L. Payne" to commence an action in his behalf on a one-third contingency basis; that defendants solicited from plaintiff $500 to be held in a "trust account" for the purpose of paying costs expended in such legal action; that plaintiff deposited $300 with defendants, from which $10 was spent; that defendants withdrew from representing plaintiff without having commenced any legal action and converted the $290 to their own use. Plaintiff sought $290 actual and $10,000 punitive damages.

Defendants' amended answer stated that defendant Payne is an attorney and defendant Cooper his employee; admitted the employment by plaintiff and the receipt of $300 from him, from which $10 had been spent. It further alleged that defendant Payne withdrew from representing plaintiff because plaintiff "totally failed to cooperate with Defendants in the preparation and investigation of bringing said suit and Defendant Robert L. Payne notified Plaintiff that he was withdrawing from said representation and that he held $290.00 of Plaintiff's which would be applied to Defendant Robert L. Payne's attorney fees." The answer asserted that plaintiff was not entitled to the $290 because defendant has a common law attorney lien on the funds. The answer tendered the $290 into court.

Defendants also filed a motion to strike plaintiff's prayer for punitive damages.

The trial court entered judgment for plaintiff against defendants "upon the tender of the Defendants set out in their amended answer." The defendants' motion to strike the prayer for punitive damages was sustained, the trial court concluding that plaintiff's claim was actually on a contract, not for conversion. The court of appeals affirmed, holding that conversion did not lie, "unless there was an obligation to return the identical money."

In this Court, plaintiff cites and relies solely upon *Young v. Mercantile Trust Co. Nat. Ass'n*, 552 S.W.2d 247 (Mo.App.1977),

in support of his claim for punitive damages.

Aside from *Young*, there is support for appellant's position. As the trial court held, conversion does not ordinarily lie for money represented by a general debt. *Petit v. Boujou*, 1 Mo. 64 (1821); *Anderson Electric Car Co. v. Savings Trust Co.*, 201 Mo.App. 400, 212 S.W. 60 (1919); *U. S. Fidelity & Guar. Co. v. Mississippi Valley Trust Co.*, 153 S.W.2d 752 (Mo.App.1941); *Breece v. Jett*, 556 S.W.2d 696 (Mo.App. 1977). However, the rule is otherwise as to funds placed in the custody of another for a specific purpose and their diversion for other than such specified purpose subjects the holder to liability in conversion. *Coleman v. Pioneer Studebaker, Inc.*, 403 S.W.2d 948 (Mo.App.1966); *Franta v. Hodge*, 302 S.W.2d 291 (Mo.App.1957); *Scott v. Twin City State Bank*, 537 S.W.2d 641, 644–645[9] (Mo.App.1976).

In this case, appellant advanced $300 to respondents pursuant to the following direction, signed by respondent Cooper as "assistant" to respondent Payne, as shown by an exhibit attached to appellant's petition:

"Mr. Payne and I have explained to you the importance of advancing the sums of money to be held in our trust account, to cover all actual costs expended. You were also informed that your lawsuit may be pending for at least one year if a settlement cannot readily be reached. For that reason, we are requesting that you deposit into our trust account the sum of $500.00, to be drawn against as each cost occurs. Periodically, you will receive an itemized accounting of all costs expended on your behalf and any remaining sums held in our trust account, at the conclusion of this case, will be returned to you."

The petition adequately alleges a fund belonging to appellant which was placed in the custody of respondents for a particular purpose and the diversion by respondents of such fund to their own use. Under the above authorities it states a claim for conversion. The efficacy of respondents' defense to the claim for punitive damages may not be determined upon their motion to strike.

Reversed and remanded.

**PER CURIAM:**

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.