Ira FLEISCHMANN, Respondent,

v.

MERCANTILE TRUST COMPANY NA-
TIONAL ASSOCIATION, Appellant.

No. 62537.

Supreme Court of Missouri,
En Banc.

June 8, 1981.

---

David Wells, Robert G. Olson, William
Guerri, St. Louis, for appellant.

Leonard J. Frankel, R. Kristin Weaver,
Clayton, for respondent.

DONNELLY, Judge.

Respondent, Ira Fleischmann, brought an action against appellant, Mercantile Trust Company, to recover actual and punitive damages for conversion of his checking account. The jury awarded respondent $1,275.60 actual damages with $194.96 interest thereon, and $100,000 punitive damages. Judgment was entered and Mercantile appealed to the Eastern District of the Court of Appeals where the judgment was reversed. On October 15, 1980, this Court ordered the case transferred here. We determine the case as if it were an original appeal. Mo.Const. Art. V, § 10.

The essential question is whether respondent proved a cause of action for conversion. In determining whether a submissible case was made, we construe all evidence and inferences therefrom in respondent's favor. *Green v. Crunden Martin Manufacturing Co.*, 575 S.W.2d 930, 932 (Mo.App. 1978).

In *Pettit v. Bouju*, 1 Mo. 64, 65 (Mo.1821), this Court held that the action of trover (from which the modern action of *conversion* derives), may lie "wherever the right of the plaintiff has attached to any specific personal thing, whether it be money or property * * *."

In *Kegan v. Park Bank of St. Joseph*, 320 Mo. 623, 650, 8 S.W.2d 858, 871 (1928), this Court said: "The action of trover is a tort action, and conversion is an *unauthorized* assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights."

In *State v. Pate*, 268 Mo. 431, 442, 188 S.W. 139, 142 (1916), this Court declared "it is well-settled that when money is deposited in a bank and is mingled with its general funds it becomes the property of the bank, the transaction creating the relation of debtor and creditor."

The evidence reveals that respondent had a checking account with Mercantile. A Master Charge credit card was issued him by Mercantile. The credit card account became delinquent in the sum of $1,275.60.

On October 2, 1974, Mercantile advised respondent that it was preparing legal proceedings against him for his delinquent credit card balance. Two days later, respondent replied in a lengthy and detailed letter that he had incurred some legal problems and financial reverses, but assured Mercantile's attorney he would pay the account in full as soon as possible. Respondent then remitted several minimal payments.

On September 11, 1975, eleven months after the original notice, Mercantile extracted $1,275.60 from respondent's checking account as a setoff of his credit card account. The inevitable happened. Respondent's previously issued checks were returned to the payees and, as alleged in his petition, caused him great embarrassment, ridicule, and damage to his relationship with his creditors. However, he prayed damages only for the sum taken from the checking account, plus interest and punitive damages.

It may be that respondent can prove a right to recover on a contract theory based on the relation of debtor and creditor or on some other theory. However, conversion will not lie where, as here, the money transferred from the checking account by the bank was the property of the bank subject, of course, to respondent's claim as creditor.

Respondent relies heavily on *Young v. Mercantile Trust Company National Association*, 552 S.W.2d 247 (Mo.App.1977). To the extent, if at all, that *Young* conflicts with the views expressed in this opinion, it should no longer be followed.

In addition to his allegation of conversion, respondent arguably has stated a claim for economic embarrassment resulting from Mercantile's actions. We express no view at this time as to the viability of such a cause of action in Missouri. It suffices to say that the evidence adduced in this case, consisting of merely a recitation of the dates, names of payees, and amounts of checks dishonored by Mercantile, would not support such a claim.

The judgment allowing respondent to recover must be reversed. However, in *Zim-merman v. Associates Discount Corporation*, 444 S.W.2d 396, 398 (Mo. banc 1969), this Court recognized that a situation may exist "which justifies a remand to permit plaintiff to seek recovery under some other theory of liability, if so advised."

The judgment is reversed and the cause remanded.

WELLIVER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., concurs in result.

SEILER, J., concurs in result in separate opinion filed.

BARDGETT, C. J., concurs and concurs in separate opinion of SEILER, J.

SEILER, Judge, concurring in result.

I concur in the result reached in the principal opinion, because there seems to be no real question but that plaintiff knew he owed the bank a substantial amount of money and had known so for a number of months. However, I do not believe a bank should be permitted to use self-help and dip into a depositor's checking account whenever there happens to be an outstanding credit card indebtedness. There may be instances where the depositor is justified in expecting that amounts charged for purchases which he has made with his credit card will not be transferred from his checking account without some prior notice from the bank of its intention to do so and wherein he is entitled to relief if the bank does otherwise. Despite what the fine print may say, this is what the credit card user expects as a practical matter. This expectation of the customer is now a matter of law. The Truth in Lending Act, 15 U.S.C. § 1666h (1976) and Regulation Z, 12 C.F.R. § 226.13(j) (1980), effective approximately a month after appellant withdrew funds from respondent's checking account, forbids such a practice unless there is a prior agreement in writing to that effect. Violation of the above provisions is subject to civil and criminal penalties. *See* 15 U.S.C. §§ 1611 and 1640 (1976) and 12 C.F.R. § 226.1(c) (1980).