STATE of Missouri, ex rel. Betty Jane
TILLER, Plaintiff,

v.

Honorable Max BACON, Judge,
Defendant.

No. 12732.

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 1982.

Douglas B. Kays, Springfield, for plaintiff.

Bert V. Twibell, Ben K. Upp, Springfield, for defendant.

BILLINGS, Judge.

Prohibition proceeding wherein we issued our preliminary order to the Honorable Max Bacon for striking the allegations of Betty Jane Tiller's petition relating to punitive damages for the alleged conversion by August A. Baumgartner and Lillian M. Baumgartner of a $57 security deposit she had placed in their custody.

Tiller alleged that in connection with her leasing premises from the Baumgartners she deposited the sum by way of a security deposit and that the fund was to be returned to her at the termination of her lease if she did not violate its terms; that she did not violate the lease terms but was constructively evicted from the premises by the Baumgartners; that she was entitled to a return of the $57 but that the Baumgartners had wrongfully and unlawfully refused to return the deposit and had intentionally and maliciously converted the same. She sought to recover the $57 as actual damages and also sought punitive damages for alleged conversion.

Prohibition lies to correct the improper striking of a punitive damage allegation. *State ex rel. Smith v. Greene*, 494 S.W.2d 55 (Mo.banc 1973). In *Dillard v. Payne*, 615 S.W.2d 53 (Mo.1981), our supreme court, after first noting that conversion does not ordinarily lie for money represented by a general debt, held the rule is otherwise as to funds placed in the custody of another for a specific purpose and their diversion for other than such specified purpose subjects the hold to liability in conversion. The court further stated that "The efficacy of respondents' defense to the claim for punitive damages may not be determined upon their motion to strike."

The trial court is directed to modify his order striking Tiller's allegations of punitive damages by reinstating said allegations and proceeding to trial thereon.

It is so ordered.

MAUS, P. J., and HOGAN, J., concur.