**Patsy SEABAUGH, Petitioner–
Respondent,**

v.

**Charley E. SEABAUGH, Respondent–
Appellant.**

**No. 61137.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 20, 1992.

Finch, Bradshaw, Strom & Steele, Dale Edward Gerecke, Cape Girardeau, for respondent-appellant.

Spradling & Spradling, Albert M. Spradling, Jr., Cape Girardeau, for petitioner-respondent.

KAROHL, Chief Judge.

Husband appeals findings entered by the trial court on his cross-claim for conversion of money and household items made in response to a petition for dissolution. We affirm in part and remand in part.

Husband, in a cross-claim to a petition for dissolution, alleged wife converted his separate money and personal property. The trial court found money could not be the subject of a conversion action.

Two bank accounts are the subject of the conversion claim. The first account was a joint checking account. Joint ownership of property by husband and wife creates a presumption of tenancy by the entirety. *Cann v. MSB Drilling Company*, 480 S.W.2d 81, 85 (Mo.App.1972); *Smith v. Smith*, 300 S.W.2d 275, 282 (Mo. App.1957). A conversion action presupposes a non-owner asserting ownership. *Id.* Because wife owns the funds she is charged with converting, no action for conversion is possible.

The second account was a business account used for husband's timber business. Only husband was authorized to sign checks on this account. He alleges wife converted funds by using checks pre-signed in blank by husband and entrusted to wife for restricted use but she took and used the money for unauthorized purposes. The checks, which were apparently given to wife over a period of time, were all used within days of wife moving out of the couple's home. Husband claims wife was under direction to use the checks for medical emergencies during his numerous business travels but the checks were written for wife's personal expenses.

A third allegation of conversion of money involved husband giving wife $11,000 with directions to deposit the funds in the business account sometime in July. Approximately one month before the couple separated, husband discovered the funds were never deposited.

The trial court resolved the conversion of money issue by finding no cause of action exists for conversion of money. The court stated only a specific chattel can be the subject of a conversion action. This ruling is not supported as a matter of law for money not deposited in a joint account.

"Notes, bills, checks and other representatives of value will support a cause of action for conversion where they can be described or identified as specific chattel." *Lappe & Assoc. Inc. v. Palmer*, 811 S.W.2d 468, 471 (Mo.App.1991). Although conversion does not ordinarily lie for money represented by a general debt, the rule is otherwise for funds placed in the custody of another for a specific purpose and their diversion for other than such specified purpose. *Dillard v. Payne*, 615 S.W.2d 53, 55 (Mo.App.1981). Funds placed in the custody of another for a definite application and their misappropriation makes the holder liable in conversion. *Id.* Accordingly, we remand the cause of action for conversion of such funds. The money not deposited and the separate business account funds are proper objects of a claim for conversion.

Husband also alleges error by the trial court in awarding items of personal property to wife. The parties disputed the nature of the items—wife claimed the items were gifts from husband to her and husband claimed they were his personal property. The property was divided as part of the dissolution decree which required wife to relinquish some items she had taken when she left husband and retain others. In its findings on his cross-claim of conversion, the trial court found against husband. This portion of the judgment was authorized by § 452.330 RSMo 1986.

The trial court's decree will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree or judgment will be set aside on the ground that it is against the weight of the evidence only with caution and a firm belief that the decree or judgment is wrong. *Id.* In this case, there was evidence to support the disposition of the

items of personal property. Both parties' positions are equally plausible. In such cases the question is one of credibility. Credibility of witnesses was for the trial court. Rule 73.01(c)(2). We, therefore, affirm the court's ruling regarding the issue of conversion of tangible personal property.

We affirm the rulings regarding the joint bank account and tangible personal property. We remand the count alleging a cause of action for conversion of husband's business account and funds entrusted to wife for deposit to that account.

CRIST and AHRENS, JJ., concur.