# Hunnicutt v. Higginbotham.

## Action of Trover.

1. *Action of trover; can be maintained for the conversion of money.* Although an obligation to pay money is ordinarily enforceable by actions of *assumpsit* or debt, an action of trover can be maintained for the conversion of specific money capable of identification, such as money in a bag or separate package, or particular specific coins or notes which have been entrusted to defendant's care.

2. *Action of trover against administrator for conversion of money; when can be maintained.*—Where one deposits specific money with another for safe keeping, in a bag, bundle, or coin capable of identification, if the administrator of the estate of the person with whom the money was so deposited takes the specific money and mingling it with the other money of the intestate exercised dominion over it in denial of the depositor's right, he is guilty of the conversion of such money, and for such conversion an action of trover can be maintained.

3. *Examination of adverse party as witness; when testimony should not be excluded.*—Where a party, upon the cross examination of his adversary as a witness, calls out evidence responsive to the questions asked, he is not entitled to have such evidence excluded, though the testimony, abstractly considered, may be inadmissible.

4. *Ownership of personal property; may be testified to by witness.* Ownership of personal property is a fact to which a witness may testify.

5. *Waiver of tort; when shown by mere presentation of claim against estate.*—The presentation of a claim against the estate of a deceased, after the expiration of twelve months from the grant of letters testamentary, and which claim the executor

[Hunnicutt v. Higginbotham.]

or administrator refuses to recognize or pay, does not show
that the owner of the claim waived any tort that might have
been committed by the executor or adminstrator out of which
the claim arose, and had elected to charge the estate of the
deceased with such claim.

APPEAL from the County Court of Cleburne.

Tried before the Hon. T. J. BURTON.

This was an action of trover brought by the appellee,
B. Higginbotham against the appellant, J. W. Hunni-
cutt, to recover damages for the alleged conversion by
the defendant of $282, alleged to be the property of the
plaintiff.

The facts of the case are sufficiently stated in the
opinion.

The cause was tried by the court without the interven-
tion of a jury, and upon the hearing of all the evidence,
the court rendered judgment for the plaintiff for princi-
pal and interest thereon. From this judgment the de-
fendant appeals, and assigns as error the rulings of the
court upon the evidence to which exceptions were re-
served, and the rendition of judgment for the plaintiff.

SMITH & SMITH, for appellants.—To maintain an ac-
tion of trover for the conversion of money, the plaintiff
must show that the defendant converted the identical
money owned by plaintiff.—21 Ency. Pl. & Pr. 1021.

The testimony of the plaintiff should have been ex-
cluded on motion of the defendant.—Code, § 1794;
*Stuckey v. Belfast*, 41 Ala. 700.

The uncontradicted testimony shows that no money
was found in the safe marked to appellee; and that Mrs.
Nancy Higginbotham, deceased, instructed Mrs. Gibbs
to turn over the combination of the safe to appellant, as
executor, and said nothing of delivering any money to
appellee. This was an act of ownership of the safe and
its contents, and she by will having given appellee five
hundred dollars, which he received from the executor,
he cannot sustain this action.—2 Jarman on Wills, page
1, chapter 14.

Appellant refused to turn over the money because it
was not shown to be appellee's, and no action could

[Hunnicutt v. Higginbotham.]

be maintained.—*Butler v. Jones,* 80 Ala. 434; Chitty on Pleadings, page 179 (G).

McCarty & Merrill, *contra.*—The plaintiff could maintain an action of trover against the defendant in the present suit for the conversion of the money which was in a bag, package or parcel.—*Moody v. Keener,* 7 Port. 231; 26 Amer. & Eng. Encyc. of Law (1st ed.) 766 and citations; 21 Encyc. Pl. & Pr. 1021; *Jones v. Hurt,* 74 Texas 657.

The facts of the case showed a conversion of this money.—*Bolling v. Kirby,* 90 Ala. 215; 26 Amer. & Eng. Encyc. of Law (1st ed.) 714; *Baker v. Troy Compress Co.,* 114 Ala. 415.

The plaintiff's testimony which the defendant moved to exclude, was competent.—*Thomas v. Thomas,* 42 Ala. 120. Defendant having called out the illegal evidence he could not move to exclude it.—*Amer. &c. Co. v. Ryan,* 112 Ala. 345; *Farrow v. Railway Co.,* 109 Ala. 454; *Railroad Co. v. Turvaville,* 97 Ala. 122.

Ownership of personal property is a fact to which a witness may always testify.—*Steiner v. Tranum,* 98 Ala. 315; *Daffron v. Crump,* 69 Ala. 77.

If an administrator converts the property of another than his decedent, when the appointment of the administrator gave him no authority over it, such conversion would be the personal tort of the administrator, and he alone and personally would be responsible for such conversion.—*Daily v. Daily,* 66 Ala. 266; *Burdine v. Roper,* 7 Ala. 466; *Torrey v. Bishop,* 104 Ala. 551; *Freeman v. Pullen,* 119 Ala. 240.

There was no error in excluding the proof offered that the plaintiff had violated his claim against the estate of the deceased. The claim was not recognized or paid. The mere presentation was not an election to rely upon the claim being paid by the estate.—*Locke v. Palmer,* 26 Ala. 324; *Harrison v. Harrison,* 39 Ala. 506; *Deems v. Dunklin,* 33 Ala. 47; *Reese v. Kirk,* 29 Ala. 409; *Jones v. Burgess,* 19 So. Rep. 856.

HARALSON, J.—The suit is for the conversion by defendant of $282, alleged to be the property of the

plaintiff. It seems to be well settled, that trover lies for the conversion of money, where there is an obligation on the part of defendant to return specific coin or notes entrusted to him.—*Moody v. Keener,* 1 Porter, 210, 231; 26 Am. & Eng. Ency. Law, (1st ed.), 766. "It may be stated as a general rule, that although an obligation to pay money is ordinarily enforceable by *assumpsit* or debt, yet trover lies for the conversion of 'ear marked' money or specific money capable of identification, *e. g.,* money in a bag or coins or notes which have been entrusted to defendant's care."—21 Enc. Pl. & Pra., 1020, 1021. "An intermeddling with, or dominion over the property of another, whether by the defendant alone, or in connection with others, which is subversive of the dominion of the true owner, and in denial of his rights, is a conversion."—*Bolling v. Kirby,* 90 Ala. 221.

It also seems to be well settled on authority, that when the alleged conversion, consists in whole or in part of a sale of the property without the plaintiff's authority and the property has been converted into money or its equivalent, the plaintiff may bring either trover, or waiving the tort, assumpsit.—21 Ency. Pl. & Pr., 1022.

The proof for the plaintiff tended to show, that the plaintiff, B. Higginbotham, after his intermarriage with his wife, in 1894, gave her $180 in twenty dollar gold pieces wrapped up to itself, and $102 in paper money wrapped up to itself, to put away for him in her safe, which she did, and kept it in that condition until she died, when the defendant, who had qualified as her executor, took possession of the money and converted it, refusing on demand of plaintiff to deliver it to him.

The evidence on the part of the defendant tended to show, that the packages of money which were claimed by plaintiff were not found in the safe of his testatrix after her death, and that the money, gold and paper, which was found therein, was commingled with other money and bore no marks by which the money of plaintiff, if he had any in the safe, could be identified and distinguished from any other money of like kind therein.

[Hunnicutt v. Higginbotham.]

The case was tried by the court without a jury, and judgment rendered in favor of plaintiff, against defendant for the sum claimed in the complaint. The main question for review seems to be, whether or not the plaintiff ever deposited said sums in the safe of his wife, as his funds, and if so, if the deposit was in packages, separate from other funds of his wife in the safe, so as they could be, and were, identified at the time the defendant took the money in the safe into his custody, and refused to turn the same over on demand to the plaintiff. The plaintiff testified without objection, that defendant took $180 in gold and $102 in greenback or paper money of his from a safe in which he had it. This was the substance of his testimony on the direct examination, which related alone to his ownership of the money. On his cross examination by defendant, he testified that he had $180 in gold and $102 in greenbacks, that the day after his marriage to Nancy Higginbotham, in 1894, he gave her $180 in gold, in twenty dollar gold pieces which was wrapped up, to be put away in the safe, and a few days before her death, he gave her $102 in paper money to be put in said safe for him, but he did not see her put the paper money in the safe, and that the money he was testifying about, was the money he was claiming in this suit. He further stated that he did not know that the $180 in gold was in a separate package when the safe was opened by defendant, who was the executor of his wife. In rebuttal he testified also, without objection, that his wife had money of her own in the safe, and sometimes lent her money out, but she never loaned his money; that the money when taken by the defendant was in the same condition as when it was put in the safe, and that he had access to the safe all the time, and the money remained in the same condition as at first.

After the plaintiff had thus testified, defendant moved the court "to exclude from its consideration, all the witness had testified to about the ownership of said money in his direct, cross, rebutting examination, which motion the court overruled." In this there was no error. He testified to nothing on the direct and rebutting ex-

[Hunnicutt v. Higginbotham.]

amination which was objected to, and all he stated further, was called out by the defendant himself. Having called out the evidence, if illegal, he could not afterwards move to exclude it.—*A. O. Ex. Co. v. Ryan,* 112 Ala. 344; *Farrow v. N. & C. Co.,* 109 Ala. 454; *E, T.. V. & G. R. Co. v. Turxaville,* 97 Ala. 122. Furthermore, the objection went to the exclusion of what the plaintiff had said about his ownership of the money and no further. Ownership of property is a fact to which a witness may always testify.—*Steiner v. Tranum,* 98 Ala. 315. The objection was general and went to all the witness had testified to, a part of which was legal if some of it may have been illegal. The objection was certainly not good as to all the evidence, without which the objection was properly overruled.

James Bennett testified for plaintiff, that he was one of the appraisers of the estate of Mrs. Higginbotham, that he was present when defendant opened the safe, and that they found $180 in gold wrapped up in a separate paper free from the rest (of the gold) and $102 in a separate paper to itself, just as the plaintiff said they would find before the safe was opened; that defendant counted the money and handed it to Mr. Greer, one of the appraisers, to count; that witness was in a position to see the money and was not mistaken about the matter. Mrs. Gibbs testified for plaintiff, that she was living with Mrs. Higginbotham when she died, and had lived there from 1894; that a few weeks before she died, she saw the plaintiff give to her $102 to put away, that she took the money and said, "I will put it away"; that witness was with her almost all the time afterwards, up to her death, and no one paid her any money.

The defendant's witness, Tyler, testified that he was present when the safe was opened; that there was paper money in the safe amounting ot $3,230, and gold to the amount of $500.00, four hundred and ninety dollars of which was in a little box, and $10.00 in another place, and that there was no package of $102.00 of paper money separate from the other; that there was not $180.00 in gold wrapped up separate to itself, and that the gold was altogether.

He had just testified that $490 in gold was in a box and $10 in another place. He testified on the cross, that the gold was in a pigeon hole behind the package of paper money. He also testified that the paper money was wrapped up in a cloth.

The defendant testified substantially, as did his witness Tyler, that there were no separate packages of gold and paper money in the safe when opened, in separate packages, such as the plaintiff claimed, distinguishable from other gold and paper money in the safe. He differed from his witness Tyler, as to the amount of paper money in the safe, and the condition it was in. He said: "I found the following packages of which I made a memorandum at the time: 1st, package of $180; 2nd, $334; 3d, $500; 4th, $100; 5th, $1,245—all paper money. This aggregated $2,359 in paper currency. Tyler had sworn that the amount was $3,250. He stated that there were five packages of this money, and Tyler swore to but one package.

It thus appears that the witness Tyler deposed at one time that the gold in the safe was in a little box, and at another that it was in a pigeon hole; that he and defendant differ as to the amount of currency on hand, and the condition it was in when found. As to that matter, the evidence for plaintiff was the more consistent and reliable, and in giving it the greater value, and having the witnesses before him, we are unable to conclude that the court erred in rendering judgment for the plaintiff.

The defendant, for the purpose of showing that plaintiff had waived any tort that might have been committed by defendant and had elected to charge the estate of the deceased with his claim for the money sued for, offered a claim for $282 filed against the estate of deceased by the plaintiff, which claim was marked filed after the expiration of twelve months after letters testamentary issued to defendant. It was not shown that the claim was ever recognized by the executor or paid by him, but on the other hand, it appears he refused to recognize or pay it. There was no error, on the objection of plain-

tiff, that the evidence offered was immaterial, irrelevant and inadmissible, in the refusal of the court to admit it. There was no offer to show that the claim presented was the same as the one here sued on, and even if it had been the same, the bare presentation of this claim to the executor was no election to rely on it as a claim against the estate and not against defendant individually for the alleged tort. Mistaken or unsuccessful suits are held not to be an election, and the mere bringing of a suit, or the presentation of a claim against an estate, without prosecuting it to final determination or judgment cannot determine the right of election to pursue that, and no other remedy open to plaintiff.—*Harrison v. Harrison,* 39 Ala. 306. We fail to discover in the bare presentation of this claim against said estate, which was barred by non-claim at the time of prosecution, and never insisted on afterwards, was a waiver of plaintiff's right to sue the defendant in this action. If the money did not belong to the estate, the defendant had no right to it as administrator or executor, and his taking possession of it, and his refusal to pay it to the plaintiff on demand was on his individual responsibility.—*Daily v. Daily,* 66 Ala. 266; *Godball v. Roberts,* 7 Ala. 466; *A. S. Bank v. Glass,* 82 Ala. 280.

Affirmed.