MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff-Appellee,

v.

David B. CLAYTON, Defendant-Appellant.

No. 72-3639.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1974.

W. W. Conwell, Peyton D. Bibb, Jr., Birmingham, Ala., for defendant-appellant.

Drayton Nabers, Jr., Drayton T. Scott, Birmingham, Ala., for plaintiff-appellee.

Before BELL, COLEMAN and RONEY, Circuit Judges.

BELL, Circuit Judge:

In this diversity action appellee seeks to recover the proceeds of sale by appellant of stock received, held and sold as an innocent gratuitous transferee. The principal issue on appeal is whether Section 204 of the Restatement of Restitution [1] entitles appellee to recover not merely the value of the stock at the time it was received by appellant, but rather its value when sold by appellant. The difference amounts to some $14,000.[2]

Appellant's argument arises from the failure of Section 204(b) to specify clearly whether "the value of the property which he originally received" is determined as of the date of receipt or the date of sale. In supporting the latter interpretation he quotes from Comment a to Section 204: "If the innocent donee makes a profit, he can keep the profit; if he incurs a loss, he need not make it good."

We think it clear that appellant misreads Section 204(b), and has taken the quoted sentence out of context. As stated in Comment a, the theory of recovery under Section 204 is that an innocent gratuitous transferee should be liable to the extent of his unjust enrichment or the true owner's loss, whichever is *less*. Should he be able to compensate the owner for his loss, without exhausting the proceeds of selling the property, he could retain the surplus.[3] It is this "profit" which is referred to in appellant's quoted sentence, and not the appreciation in value between receipt and sale.[4] Since no such "profit" is present in this case, and since the appellant was unjustly enriched to the extent of the sum he received upon sale of the stock, the district court judgment is

Affirmed.

RONEY, Circuit Judge (concurring):

A gratuitous transferee must return the original stock if he retained it. Under 204, if he has exchanged the original stock for other property, he may either (a) surrender the property received in exchange, or (b) pay the true owner whatever value the original stock has attained. The choice of repayment method is left in the hands of the gratuitous

---

1. No Alabama cases control the point in issue here. Thus the district court and the parties looked to the Restatement for guidance in achieving an equitable result consistent with the *Erie* doctrine. Section 204 is as follows:
   "Gratuitous Transferee
   Where a person receives the title to property of which another has the beneficial interest without notice of the other's interest but without paying value, and being still without such notice exchanges it for other property, he is under a duty either
   (a) to surrender the property which he acquired in exchange, or, at his option,
   (b) to pay the value of the property which he originally received, the property which he acquired in exchange being subject to an equitable lien for such payment."

2. At time of receipt the stock was worth $10,656. Appellant later sold it for $24,788. Appellee ultimately had to expend $52,260 to replace the stock, but did not seek to recover

in excess of the amount of appellant's unjust enrichment. The district court did not award interest on the $24,788, and appellee has not cross-appealed from this ruling.

3. This would occur if, for example, the owner replaced his stock at a price lower than that at which the gratuitous transferee sold it.

4. We are bolstered in this conclusion by the statement in Comment a that this rule is the same as is applicable where property is transferred by a trustee in breach of trust to an innocent donee. See Restatement of Trusts, Second § 292, Comment h, which states that the value at date of sale is controlling. Further, this interpretation is consistent with Restatement of Restitution § 202 (that an owner may recover from a *conscious wrongdoer* either his own loss or the wrongdoer's unjust enrichment, whichever is *greater*), and § 203 (that an owner's recovery from an innocent *converter* is the amount of his loss, regardless of whether this is more or less than the converter's unjust enrichment).

transferee. Thus he does not incur a loss if his exchange worked out badly and the exchanged property is worth less than the original stock. On the other hand, if the exchanged property has increased, and is worth more than the original stock has become worth, he may retain the increase. This is the meaning of Comment a to Section 204: "If the innocent donee makes a profit, he can keep the profit; if he incurs a loss, he need not make it good."

If indeed Section 204 is applicable at all, the facts must be construed as Clayton's having "exchanged" the original stock for $24,788. Thus, the Court was correct in permitting Clayton "to surrender the property which he acquired in exchange" for the original stock, the $24,788, rather than the value of the property which he originally received, which had become worth $52,260.