Defendant, Coffee General Hospital, appeals from jury verdict and judgment for conversion. The issue on appeal is that the verdict of the jury is excessive and should have been set aside on motion for new trial. We affirm.
Plaintiff was admitted to defendant hospital as a patient after a heart attack. During admission plaintiff's wife informed the admitting clerk that she had a policy of hospital insurance at her place of employment providing coverage for the hospitalization of plaintiff. She provided the name of the insurer and signed a hospital form assigning benefits under the policy to the hospital. Several days later, plaintiff informed his wife that he also had coverage with another company at his place of employment. The wife secured another form and plaintiff assigned to the hospital the benefits of that policy.
Defendant's employee stated that she informed plaintiff's wife at the time of admission that it was the policy of the hospital that all insurance policies providing coverage for hospitalization be assigned to the hospital upon admission. If there was an excess of benefits over cost the excess would be paid by the hospital to the patient.
The day of his discharge, plaintiff submitted through his wife a signed blank form for securing payment of benefits under *Page 1024 
a policy of insurance which he had with Physicians Mutual Insurance Company.
The policy was not the usual hospitalization policy, but provided for payment of a specific sum for each day of hospitalization of the insured. It was stated in the policy that payment was to be made directly to the insured upon submission of proof of hospitalization. The form given to the hospital and signed by plaintiff for the Physicians Mutual policy did not contain an assignment of benefits. Plaintiff's wife left the uncompleted form with the hospital without any specific instructions, but with the remark that it was good to have such a policy to help pay living expenses while hospitalized.
Defendant forwarded the form to plaintiff's physician for completion. It sent its statement together with the assignment of benefits signed by plaintiff and his wife to the other two insurance companies. It further sent to Physicians Mutual a statement of plaintiff's hospital expenses and attached to the statement a Xeroxed copy of the assignment of her policy which plaintiff's wife had signed upon admission of plaintiff to the hospital.
Some two weeks after discharge, plaintiff received a letter from Physicians Mutual informing him that it had paid benefits in the amount of $857.12 to defendant. Plaintiff, in a few days, called defendant and inquired if the payment had been received. Upon being told that payment had been received, plaintiff stated to defendant that it was not due to have received the benefits of that policy, but, rather, it was his private policy. Defendant's employee told him that it was the rule of the hospital that payments under all policies were to come to it.
Plaintiff then called Physicians' home office and was sent a copy of the instrument under which they paid the benefits of the policy to the hospital. He then called defendant again and asked for the money received from Physicians, telling defendant that the money was needed for food for his family. He was informed that defendant would not release any money until the hospital bill was paid in full.
Another call was made and plaintiff was informed by defendant's employee that they had nothing further to discuss. In about two months from his discharge, plaintiff received from defendant a check for $816. That amount was the excess of payments received by defendant from plaintiff's three insurance policies after full payment of the bill for hospital services.
The suit of plaintiff was submitted to the jury upon the claim of conversion. The jury returned a verdict in the amount of $6,000. Motion for new trial with general grounds, including the ground that the verdict was excessive, was denied.
There is no issue before us on appeal other than whether the award of the jury was excessive under the evidence.
Plaintiff claimed the conversion by defendant of $857.12. The evidence disclosed that at the time of suit and trial, plaintiff had received $816 of the sum converted. Thus the remainder was $41.12. The measure of compensatory damages for conversion is the value of the property at the time of conversion or at any time prior to trial, together with interest. Merrill Lynch, Pierce, Fenner Smith, Inc. v.Clayton, 488 F.2d 974 (5th Cir.). The return of the property prior to trial goes merely to reduce the damages. Roebuck AutoSales, Inc. v. Wallace, 293 Ala. 231, 301 So.2d 546. Punitive damages may be awarded in an action for conversion when the conversion is committed in known violation of the law and of owners' rights, or with circumstances of insult or malice.Parker v. Sutton, 47 Ala. App. 352, 254 So.2d 425, cert. denied,287 Ala. 738, 254 So.2d 431. If there is evidence of such acts presented, an award of punitive damages is within the discretion of the jury. Carolina Casualty Insurance Co. v.Tisdale, 46 Ala. App. 50, 237 So.2d 855, cert. denied sub nom.,Ex parte Tisdale, 286 Ala. 741, 237 So.2d 861.
It is clear that the verdict of the jury in this case represented primarily punitive damages. Our review of the evidence clearly indicates that defendant converted plaintiff's property wrongfully and in violation *Page 1025 
of the law. It is clear that plaintiff did not, and never intended to assign the benefits of the Physicians Mutual policy to defendant. Defendant illegally used the signature of plaintiff to an assignment of the benefits of another policy to secure payment to it of the Physicians Mutual benefits.
The evidence further shows that after being informed of the absence of an assignment, and the hardship resulting to plaintiff from the payment to defendant, defendant refused to return the money until its bill had been fully paid. Such evidence was sufficient to permit the conclusion by the jury that insult and contumely were added to violation of the law and plaintiff's rights. The additional conduct accompanying conversion may be considered by the jury in arriving at an award of punitive damages. Ray Hughes Chevrolet, Inc. v.Gordon, 294 Ala. 638, 320 So.2d 652.
The award of punitive damages supported by the evidence will not be set aside on appeal unless it is so great, unjust and grossly excessive as to indicate bias and undue prejudice by the jury. Parker v. Sutton, supra, Mercury Freight Lines, Inc.v. Pharo, 264 Ala. 322, 87 So.2d 642. The denial of a motion for new trial adds strength to the presumptive correctness of the verdict of the jury. Blount Brothers Construction Co. v.Rose, 274 Ala. 429, 149 So.2d 821. The trial judge considered the same question as presented here, i.e., is the verdict so excessive in light of the evidence to indicate bias and undue prejudice by the jury? After careful consideration, we cannot find the trial court in error.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.