Humana of Alabama, Inc., d/b/a North Alabama Hospital, defendant below, appeals from a verdict and judgment rendered against it and in favor of Elvin P. Rice, plaintiff below, in the amount of $3,850. We reverse.
On August 8, 1977 the plaintiff, Elvin P. Rice, was admitted to the North Alabama Hospital in Russellville, Alabama, which is owned and operated by Humana of Alabama, Inc. (hereinafter referred to as "hospital"). Mr. Rice remained in the hospital four days and was discharged on August 12, 1977. His total bill was $1,195.00. *Page 863 
The plaintiff was covered by two group health insurance policies — one was with Provident Life and Accident Insurance Company (hereinafter referred to as "Provident") and the second policy was with Blue Cross-Blue Shield. The hospital was advised by Rice's wife on the date of admission that he had coverage through Provident. Mr. Rice later advised the hospital of his coverage under Blue Cross.
The defendant-hospital filed a claim with Provident on August 7, 1977 and with Blue Cross on August 25, 1977, and on August 26, 1977 the hospital received payment from Provident in the amount of $1,164.00. On September 13, 1977 Mr. Rice paid the hospital the balance owed, which was $31.00. The defendant received payment of $483.00 on September 15, 1977 from Blue Cross. Both insurance policies contained coordination of benefits provisions.
On October 1, 1977 the hospital notified Provident and Blue Cross by letter that both companies had paid, and requested each insurance company to examine its files as to the correctness of the payment. On October 11, 1977 Blue Cross notified the hospital that a refund would be requested due to the coordination of benefits provisions. On October 24, 1977 the hospital received written notification from Blue Cross demanding a refund in the amount of $453.00. This was done pursuant to a contract existing between the hospital and Blue Cross, Article III of which states:
 3. In the event the Corporation through error or mistake of the Hospital, the Corporation, or any other person or entity makes payment to the Hospital for services for which the Corporation is not responsible under this Contract and the Corporation's contract or agreement with the Member on whose behalf such payment is made, the Hospital upon the Corporation's request shall refund such payment to the Corporation or shall, at the option of the Hospital, permit any sums paid through error or mistake to be deducted from any sums payable or reimbursable to the Hospital under this Contract for Health Care Services furnished to that or any other Member.
On October 27, 1977 the hospital refunded $453.00 to Blue Cross and $30.00 to Mr. Rice. On October 25, 1977 a complaint was filed against the hospital by Mr. Rice resulting in this lawsuit. The hospital was served on October 27, 1977.
The decisive issue on appeal before this court is whether an action in conversion may be maintained for "monies."
The general rule for conversion has been stated in ScottPaper Co. v. Novay Cherry Barge Service, Inc., 48 Ala. App. 368,265 So.2d 150 (1972):
 ". . . consisting in `"* * * either * * * the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own."
The plaintiff, Mr. Rice, maintains in his amended complaint that the defendant-hospital committed conversion by "converting the use and possession of property of the Plaintiff to the exclusion of the Plaintiff's interests were willful and wanton, and in complete disregard of the Plaintiff's proprietary interest in said property."
The plaintiff further claims that Alabama law has established that money can be the subject of conversion, citing Hall v.Hall, 241 Ala. 397, 2 So.2d 908 (1941). Plaintiff also citesEllis v. Zuck, 409 F. Supp. 1151 (N.D.Ala. 1976), to supportHall, stating that the United States District Court did not make any mention of specificity or identification of the money in order to constitute conversion.
However, as defendant correctly points out, these two cases were premised on an earlier Alabama decision, Hunnicutt v.Higginbotham, 138 Ala. 472, 35 So. 469 (1903), which, in quoting from an even earlier decision, stated the general rule, "`. . . trover lies for the conversion of "earmarked" money or specific money capable of identification, i.e., money in a bag or *Page 864 
coins or notes which have been intrusted to defendant's care.'"
In 1941, the same year in which Hall was decided, the Alabama Supreme Court again reiterated the general rule that the action for "[t]rover lies only for wrongful appropriation of personal property specific enough to be identified." Knox v. MoskinsStores, Inc., 241 Ala. 346, 2 So.2d 449 (1941).
The appellee cites Coffee General Hospital v. Henderson, Ala.Civ.App., 338 So.2d 1022 (1976), decided by this court, as similar to the case at bar, in which we held that the hospital had converted the plaintiff's funds. However, even the appellee, Rice, in his brief points out the very factor which distinguishes Coffee from the present case.
In Coffee the court, in reference to the insurance policy, stated that "payment was to be made directly to the insured upon submission of proof of hospitalization. The form given to the hospital and signed by plaintiff for the Physicians Mutual policy did not contain an assignment of benefits." In this case there was an assignment to the hospital by the plaintiff for payment from the insurance companies and the policies did not
specify for direct payment to the insured. It should be noted also that the only issue in Coffee before this court was whether the jury verdict was excessive, which has not been brought up in this case.
Thus, as a matter of law, there was no conversion committed by Humana. This issue should not have been submitted to a jury, and Humana's motion for directed verdict should have been granted.
As this court finds that there was no conversion involved, there is no longer an issue as to the reasonableness of time on the part of Humana in detaining the $31.00, nor is it necessary to discuss the third issue raised concerning punitive damages.
Accordingly, we find that the trial court erred to reversal in not granting Humana's motion for directed verdict as there was no genuine issue as to any material fact supporting Mr. Rice's complaint. Consequently, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.