This is an action in conversion. From a judgment entered pursuant to a jury verdict which awarded the plaintiff compensatory and punitive damages, the defendant *Page 726 
appeals. We reverse and render a judgment for the defendant.
The defendant contends that the trial court erred in denying her motions for directed verdict at the conclusion of the plaintiff's case and at the conclusion of all the evidence, arguing: (1) conversion is not the appropriate action for the subject matter of this case; (2) the plaintiff had no general or specific right to the property and no immediate right of possession; and (3) there was no evidence that the defendant, in her individual capacity, withheld any property belonging to the plaintiff.
The plaintiff, Everette Fowler, was employed by Boulder, Inc. The defendant, Marcelle Lewis, is the secretary-treasurer of Boulder. Garnishments were served on Boulder for debts of Fowler to the Department of Revenue of the State of Alabama and the Department of Industrial Relations, Unemployment Compensation Agency of the State of Alabama (U.C.). A portion of Fowler's wages were withheld by Boulder. The U.C. garnishment was paid in full; however, $700.21, the amount owed by Fowler to the Department of Revenue, was never paid and Boulder is now in Chapter 7 Bankruptcy. The complaint alleged that the defendant "converted to her own use $700.21 which said money belonged to the plaintiff."
Is conversion an appropriate action for an employee to recover a sum of money withheld by an employer from the employee's wages in response to a garnishment filed against the employer?
"`[T]rover lies for the conversion of "ear marked" money or specific money capable of identification, e.g., money in a bag or coins or notes which have been entrusted to defendant's care.'" Hunnicutt v. Higginbotham, 138 Ala. 472, at 475,35 So. 469, at 470 (1903) (quoting from 21 Enc.Pl. Prac., 1020, 1021). See also Moody v. Keener, 7 Port. 218 (Ala. 1838), andHumana of Alabama, Inc. v. Rice, 380 So.2d 862 (Ala.Civ.App. 1979), cert. denied, 380 So.2d 865 (Ala. 1980).
Money in any form is generally regarded and treated as property, and it is well settled that an action will lie for the conversion thereof, where there is an obligation to keep intact and deliver the specific money in question, and where such money can be identified. Moody v. Keener, supra, (money sealed up in a particular letter); Hunnicutt v. Higginbotham,supra, ($180 in $20 gold pieces and $102 in paper money which was "wrapped up to itself" and placed in a safe). In England, it was first held that money could not be converted so as to support an action in trover unless it was in a "bag or chest."Holiday v. Hicks, 78 Eng.Rep. 878, 900 (1599).
The requirement that there be "earmarked money or specific money capable of identification" before there can be a conversion has been complicated as a result of the evolution of our economic system.
Now, in conversion cases, the courts are not confronted so much with a particular piece of money, i.e., a coin or a bill, but with identified or segregated sources from which money has come or types of accounts into which money has been deposited.
Money paid by an insurance company to a hospital which had been assigned to the hospital by the plaintiff has been determined as a matter of law not to be specific property which would support an action of conversion. Humana of Alabama, Inc.v. Rice, supra. Shares in a "Ready Assets Trust Account" which must be redeemed for cash and on which checks can be written have been held to be sufficiently identifiable to support an action in conversion. Limbaugh v. Merrill Lynch, Pierce, Fenner Smith, Inc., 732 F.2d 859 (11th Cir. 1984) (citing Alabama law).
Section 7 of the Annotation, "Nature of property or rights other than tangible chattels which may be subject to conversion," 44 A.L.R.2d 927 (1926), lists numerous cases in which attempts have been made to recover for the conversion of money.
In this case, the Court is being asked to determine whether money which was withheld from wages of an employee by an *Page 727 
employer in response to a garnishment filed against the employer by a creditor of the employee is specific property which will support an action in conversion. Clearly, there is no identifiable coin or bill, and nothing that has been sealed up in a particular letter, "wrapped up to itself," or placed in a bag or chest. There is no evidence that this money was placed in a special account. It is merely money which was not paid to an employee or to the creditor of an employee, but was withheld from an employee's wages in response to a garnishment.
When there is no obligation to return the identical money, but only a relationship of debtor or creditor, an action for conversion of funds representing the indebtedness will not lie against the debtor. Lyxell v. Vautrin, 604 F.2d 18 (5th Cir. 1979). In the present case, the plaintiff could clearly have recovered sums withheld under the theory of assumpsit or on account. This Court will not extend the definition of "specific money capable of identification" to money which was withheld from wages of an employee by an employer in response to a garnishment. Therefore, the trial court erred in denying the defendant's motions for directed verdict at the conclusion of the plaintiff's case and at the conclusion of all the evidence, because conversion is not the appropriate action for the subject matter of this case. Having decided that the case should be reversed and judgment rendered for the defendant, the Court need not write to the other two points raised by the defendant.
REVERSED AND RENDERED.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.