This is an appeal from a judgment of dismissal.
Nothing was considered by the trial court but the complaint and the motion to dismiss. The motion was not treated as a motion for summary judgment with all parties given an opportunity to present all pertinent material in accordance with the last provision of Rule 12 (c), Ala.R.Civ.P. Therefore, this Court must test the action of the trial court under the standard of review applicable to a dismissal under Rule 12 (b)(6). Roberts v. Meeks, 397 So.2d 111 (Ala. 1981).
Motions to dismiss should be granted sparingly, and a dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. Garrett v. Gilley,488 So.2d 1360 (Ala. 1986).
In the first count Craig Hill prayed for the following relief:
 "That Defendants be required to account to this Plaintiff for their handling of each item of business pertaining to this Plaintiff and to Plaintiff's rights not only under the insurance contract that afforded some payment of Plaintiff's expenses but a complete revelation and accounting of the settlement to the Civil Action styled: Frank Fenton and Irma Jean Fenton, Plaintiffs vs. Joseph C. Hill and Kraft, Inc., Defendants, Case No. 14,757, In the Circuit Court of Lowndes County, Mississippi. Plaintiff is one and the same person as Joseph C. Hill."
In the second count it was alleged: "On or about the 11th day of February, 1980 the Defendants converted to their own use certain monies due the Plaintiff under an insurance contract" provided and issued by defendants of a value believed to be in excess of $15,000.
It will not benefit the parties to this controversy, the Bar, or the judiciary to set out Hill's first claim in its entirety. This Court certainly would not want to encourage *Page 770 
such pleading, but suffice it to say that though it is difficult to express what claim is alleged, it does not appear beyond doubt that plaintiff can prove no set of facts in support of an action for an accounting.
As to the second claim, we cannot say as a matter of law that "`certain monies due the Plaintiff under an insurance contract,' whether still in the hands of Ideal Mutual InsuranceCompany or paid to Kraft, Inc. by that insurance company," cannot be specific property which would support an action in conversion, under any conceivable set of facts which plaintiff might prove. In support of its position, Kraft cites as authority the cases of Lewis v. Fowler, 479 So.2d 725 (Ala. 1985), and Humana of Alabama, Inc. v. Rice, 380 So.2d 862
(Ala.Civ.App. 1979), cert. denied, 380 So.2d 864 (Ala. 1980). In both of those cases, the respective courts held that the defendants were entitled to directed verdicts because the plaintiffs failed to prove their conversion claims.
In Lewis v. Fowler, supra, at 726, this Court explained:
 "Now, in conversion cases, the courts are not confronted so much with a particular piece of money, i.e., a coin or a bill, but with identified or segregated sources from which money has come or types of accounts into which money has been deposited."
(Emphasis added.)
And, in that case, we held that plaintiff proved neither the existence of identifiable money nor the existence of a special account into which the garnished wages had been placed:
 "In this case, the Court is being asked to determine whether money which was withheld from wages of an employee by an employer in response to a garnishment filed against the employer by a creditor of the employee is specific property which will support an action in conversion. Clearly, there is no identifiable coin or bill, and nothing that has been sealed up in a particular letter, `wrapped up to itself,' or placed in a bag or chest. There is no evidence that this money was placed in a special account. It is merely money which was not paid to an employee or to the creditor of an employee, but was withheld from an employee's wages in response to a garnishment.
 ". . . In the present case, the plaintiff could clearly have recovered sums withheld under the theory of assumpsit or on account. This Court will not extend the definition of `specific money capable of identification' to money which was withheld from wages of an employee by an employer in response to a garnishment. . . ."
(Emphasis added.) 479 So.2d at 726-27. There is no question that, had the plaintiff in Lewis v. Fowler produced evidence showing that his employer had deposited his garnished wages into a segregated garnishment account, this Court would have concluded that his conversion count was properly submitted to the jury. Clearly, the problem for plaintiff in Lewis was afailure of proof.
In Humana of Alabama, Inc. v. Rice, supra, the Court of Civil Appeals held that the defendant in that case was entitled to a directed verdict, again because plaintiff had not proved everyelement of his claim for conversion. Quoting from Scott PaperCo. v. Novay Cherry Barge Service, Inc., 48 Ala. App. 368,265 So.2d 150 (1972), the Court stated the general rule for conversion as:
 "`. . . consisting in "`* * * either * * the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.'" . . .'"
(Emphasis added.) 380 So.2d at 863. It was as to the last element quoted above that the Court determined that plaintiff's conversion claim failed as a matter of law and upon which the Court distinguished its *Page 771 
earlier decision in Coffee General Hospital v. Henderson,338 So.2d 1022 (Ala.Civ.App. 1976):
 "The appellee cites Coffee General Hospital v. Henderson, Ala.Civ.App., 338 So.2d 1022 (1976), decided by this court, as similar to the case at bar, in which we held that the hospital had converted the plaintiff's funds. However, even the appellee, Rice, in his brief points out the very factor which distinguishes Coffee from the present case.
 "In Coffee the court, in reference to the insurance policy, stated that `payment was to be made directly to the insured upon submission of proof of hospitalization. The form given to the hospital and signed by plaintiff for the Physicians Mutual policy did not contain an assignment of benefits.' In this case there was an assignment to the hospital by the plaintiff for payment from the insurance companies and the policies did not specify for direct payment to the insured. . . .
 "Thus, as a matter of law, there was no conversion committed by Humana. This issue should not have been submitted to a jury, and Humana's motion for directed verdict should have been granted."
(Emphasis added.) 380 So.2d at 864. Thus, the holding in Humana
did not concern the specificity of the property alleged to have been converted.
In the present case, the plaintiff has not been given the opportunity to prove any of the elements of his conversion count. Furthermore, it is entirely conceivable that the plaintiff can prove a set of facts entitling him to relief, particularly if he can prove that the insurance company paid money to Kraft for plaintiff's benefit pursuant to the alleged settlement agreement, and that Kraft placed those proceeds in a special account. For these reasons, the dismissal was improper.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.