[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14310
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-01739-KOB


MARILYN BROWN,
AARON R. GRINDSTAFF,

                                        Plaintiffs - Appellants,

versus

GADSDEN REGIONAL MEDICAL CENTER LLC,
a foreign limited liability company,
PROFESSIONAL ACCOUNT SERVICES INC,
a foreign corporation,
TRIAD HOLDINGS V LLC,
a foreign limited liability company,
TRIAD OF ALABAMA LLC,
a foreign limited liability company,

                                        Defendants - Appellees,

COMMUNITY HEALTH SYSTEMS INC,
a foreign corporation,

                                        Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 5, 2018)


Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


In this diversity action involving Alabama law, Plaintiffs Marilyn Brown

and Aaron Grindstaff appeal the district court's final judgment in favor of

Defendants Gadsden Regional Medical Center, LLC ("GRMC"), Triad Holdings

V, LLC, Triad of Alabama, LLC, and Professional Account Services, Inc.[1]

Reversible error has been shown; we affirm in part, vacate in part, and remand for

further proceedings.

Briefly stated, Plaintiffs challenge Defendants' billing practices following

GRMC's treatment of patients involved in car accidents.  Each Plaintiff had

personal health insurance through Alabama Blue Cross Blue Shield ("Blue

---

[1] The parties filed in the district court a joint stipulation dismissing Defendant Community Health Systems, Inc.; Community Health Systems, Inc. is no party to this appeal.

2

Cross"). Plaintiffs assert that -- pursuant to a Participating Hospital Contract ("Provider Agreement") between GRMC and Blue Cross -- GRMC could seek reimbursement only from Blue Cross. Instead, GRMC filed a hospital lien for the costs of each Plaintiff's medical treatment.

Plaintiffs filed in state court this putative class action against Defendants, alleging state law claims for breach of express contract, conversion, and breach of fiduciary duty.[2] The case was then removed to federal district court. The district court dismissed without prejudice for lack of standing Plaintiffs' claim for breach of express contract. The district court dismissed for failure to state a claim Plaintiffs' conversion claim. The district court then entered judgment in favor of GRMC on Plaintiffs' claim for breach of fiduciary duty.

I.

Plaintiffs contend Defendants breached the Provider Agreement between GRMC and Blue Cross by seeking reimbursement for Plaintiffs' medical expenses from sources other than Blue Cross and at a rate higher than the negotiated rate permitted under the Provider Agreement. The district court concluded that,

---

[2] Plaintiffs also alleged against Defendants a claim for breach of implied contract. On appeal, Plaintiffs raise no challenge to the district court's dismissal of that claim.

3

because Plaintiffs were no third-party beneficiaries to the Provider Agreement, they lacked standing to enforce its terms. Accordingly, the district court dismissed without prejudice Plaintiffs' claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

When reviewing the district court's dismissal of claims pursuant to Fed. R. Civ. P. 12(b)(1), we review de novo the district court's legal conclusions and review the district court's factual findings for clear error. Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016). When a document -- such as the Provider Agreement involved in this appeal -- "is central to the plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss, this Court may consider that document as well." See Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015).

Under Alabama law, "a third person has no rights under a contract between others unless the contracting parties intend that the third person receive direct benefit enforceable in court as opposed to an incidental benefit." Fed. Mogul Corp. v. Universal Constr. Co., 376 So. 2d 716, 723-24 (Ala. Civ. App. 1979) (emphasis omitted). When the language of the contract is plain and unambiguous, we look only to the contract itself to determine the intent of the contracting parties. H.R.H. Metals, Inc. v. Miller, 833 So. 2d 18, 24 (Ala. 2002). When "two

4

contracting parties expressly provide that a third party shall have no legally enforceable rights in their agreement, a court must effectuate the expressed intent by denying the third party any direct remedy." Fed. Mogul Corp., 376 So. 2d at 724.

The Provider Agreement says expressly that "[n]othing herein contained shall be construed to confer any claim, right, action, or cause of action upon any Member or other person . . . other than the Parties signing this Contract." This contract provision establishes unambiguously that the contracting parties intended no third party to have a legally enforceable right under the contract. The district court, thus, concluded properly that -- as a matter of Alabama law -- Plaintiffs were no third-party beneficiaries to the Provider Agreement. Because Plaintiffs had no legally protected interest in the Provider Agreement, Plaintiffs lacked standing to pursue a claim based on an alleged breach of that contract. The district court committed no error in dismissing without prejudice Plaintiffs' breach of express contract claim pursuant to Rule 12(b)(1).

II.

In their claim for conversion, Plaintiffs' complaint alleged in pertinent part that Defendants "knowingly and wrongfully filed hospital liens against Plaintiffs . . . and pursued collection of inflated hospital bills from said patients' own auto insurance policy such as med pay, PIP and uninsured/underinsured motorist claims . . . rather than file with said patients' health insurance carrier." Plaintiffs also alleged that Defendants "wrongfully exercised dominion over Plaintiffs['] . . . personal property in exclusion or defiance of their rights by unlawfully refusing to submit the patients' hospital bills to their health insurance carriers . . . ."

The district court dismissed Plaintiffs' conversion claim under Rule 12(b)(6) for failure to state a claim. In doing so, the district court construed Plaintiffs' complaint as purporting to assert a conversion claim based on several possible theories. On appeal, Plaintiffs challenge the district court's dismissal of their conversion claim based only on the theory that GRMC's hospital liens interfered unlawfully with Plaintiffs' rights to their med-pay insurance benefits.

We review de novo a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261,

6

1265 (11th Cir. 2012).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  To state a plausible claim for relief, plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant; plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quotations omitted).

To state a claim for conversion under Alabama law, a plaintiff must allege "a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property."  See Huntsville Golf Dev. v. Ratcliff, Inc., 646 So. 2d 1334, 1336 (Ala. 1994).  "Conversion requires a wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has the immediate right of possession."  Covington v. Exxon Co., U.S.A., 551 So. 2d 935, 938 (Ala. 1989) (quotations and alterations omitted).

7

A "plaintiff must establish that the defendant converted <u>specific personal property</u> to the defendant's own use and beneficial enjoyment." <u>Huntsville Golf Dev.</u>, 646 So. 2d at 1336 (emphasis added). To assert a claim for conversion of money, the money must be "specific and capable of identification." <u>Newson v. Protective Indus. Ins. Co.</u>, 890 So. 2d 81, 88 (Ala. 2003).

As an initial matter, Plaintiffs' complaint alleges no facts about Brown's med-pay benefits. Plaintiffs assert no allegations that Brown sought or was denied med-pay benefits, or that her med-pay benefits were issued directly or indirectly to GRMC. Given the complete absence of factual support for a claim for conversion of Brown's med-pay benefits, Plaintiffs can state no plausible claim for relief on that basis.

About Grindstaff's med-pay benefits, the complaint alleges only that Grindstaff requested med-pay coverage and that, "[u]pon information and belief, GRMC's illegal filing of the lien against Plaintiff's automobile insurance carrier caused said carrier to refuse to pay Plaintiff's med-pay coverage of [$5,000] to the Plaintiff." The complaint contains no factual allegations that GRMC was in possession or in control of Grindstaff's med-pay benefits: the payments simply were not issued. That GRMC's lien might have contributed to the insurance company's decision to deny payment is no evidence that GRMC exercised

8

dominion over the unpaid funds.  Plaintiffs allege no facts from which we can infer reasonably that GRMC wrongfully took, assumed ownership of, used, misused, detained, or interfered with Grindstaff's med-pay benefits such that GRMC would be liable for conversion under Alabama law.

Moreover, we are unpersuaded that Grindstaff's unpaid med-pay benefits constitute money that is sufficiently "specific and capable of identification" for purposes of supporting a conversion claim.  We reject Plaintiffs' contention that this issue is controlled by the Alabama Supreme Court's decision in Hill v. Kraft, Inc., 496 So. 2d 768 (Ala. 1986), which also involved the alleged conversion of money due a plaintiff under an insurance contract.  First, in reversing the dismissal of plaintiff's conversion claim in Hill, the Alabama Supreme Court applied the state pleading standard: a standard more lenient than the federal pleading standard applicable in this case.  Compare Hill, 496 So. 2d at 769 ("dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief"), with Iqbal, 129 S. Ct. at 1949 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations omitted)).

Second -- contrary to Plaintiffs' assertion -- nothing in Hill decided that money due under an insurance contract is "property" capable of conversion.

9

Instead -- applying the state's liberal pleading standard -- the Alabama Supreme Court determined only that it could not say as a matter of law whether the money at issue constituted property specific enough to support a claim for conversion "under any conceivable set of facts which plaintiff might prove." Hill, 496 So. 2d at 770. In particular, the Court noted it was "entirely conceivable that the plaintiff can prove a set of facts entitling him to relief, particularly if he can prove that the insurance company paid money to [Defendant] for plaintiff's benefit . . . , and that [Defendant] placed those proceeds in a special account." Id. at 771.

Here, Plaintiffs made no allegations that GRMC received payment on Grindstaff's behalf or that GRMC placed Grindstaff's med-pay proceeds in a separate account. We cannot infer reasonably that the unpaid med-pay benefits constitute specific property that would support a claim for conversion under Alabama law. Thus -- under the federal pleading standard -- Plaintiffs have alleged no plausible claim for relief. We affirm the district court's dismissal of Plaintiffs' conversion claim for failure to state a claim.

10

III.

Plaintiffs next challenge the district court's entry of judgment in favor of

GRMC on Plaintiffs' claim for breach of fiduciary duty.  Plaintiffs contend that,

because GRMC never moved for summary judgment on Plaintiffs' breach-of-

fiduciary-duty claim, the district court erred in <u>sua sponte</u> entering judgment on

that issue.

We review <u>de novo</u> a district court's grant of summary judgment.  <u>Hegel v.</u>

<u>First Liberty Ins. Corp</u>., 778 F.3d 1214, 1219 (11th Cir. 2015).  Summary

judgment is appropriate when there exists "no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  <u>Id</u>.; Fed. R. Civ. P.

56(a).  The movant "bears the initial responsibility of informing the district court

of the basis for its motion, and identifying those portions of the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of

material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quotations

omitted).  The burden then "shifts to the non-moving party to rebut that showing

by producing affidavits or other relevant and admissible evidence beyond the

11

pleadings." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011).

In their "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," Defendants sought dismissal of Plaintiffs' complaint for lack of standing and for failure to state a claim. In the alternative, Defendants moved the district court "to render judgment in their favor as there exists no genuine issue of material fact as to the issues raised below." Defendants then set forth their arguments in favor of dismissal and summary judgment. Defendants, however, presented no basis for a summary judgment motion on and presented no argument about Plaintiffs' breach-of-fiduciary-duty claim. Defendants thus failed to move adequately and failed to satisfy their initial burden of demonstrating an absence of a genuine issue of material fact on that claim for purposes of summary judgment.

That Defendants, in effect, never moved for summary judgment on Plaintiffs' breach-of-fiduciary-duty claim does not end our inquiry. We have said that "a court may sua sponte grant summary judgment on a claim not presented in a summary judgment motion." Byars v. Coca-Cola Co., 517 F.3d 1256, 1264 (11th Cir. 2008). When the district court does so, however, "the court is required to give notice to the parties that it intends to address the claim on summary judgment." Id. We "have strictly enforced the requirement that a party threatened by summary

12

judgment must receive notice and an opportunity to respond." Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1417 (11th Cir. 1997). This "requirement guarantees that the nonmoving party will have an opportunity to marshal its resources and focus its attention on rebutting the motion for summary judgment with every factual and legal argument available." Milburn v. United States, 734 F.2d 762, 766 (11th Cir. 1984).

Here, the district court provided no notice to Plaintiffs that the court -- notwithstanding Defendants' omissions -- intended to rule regarding Plaintiffs' breach-of-fiduciary-duty claim, as a matter for summary judgment. On this record, we conclude that the district court committed error in granting summary judgment sua sponte without first giving Plaintiffs a full and fair opportunity to present legal argument and evidence in support of their claim. We vacate the district court's entry of judgment in favor of GRMC on Plaintiffs' breach-of-fiduciary-duty claim and remand for further proceedings.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

13